**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| **MYRENNE JEAN-BAPTISTE,** | : | |
| | : | **CIVIL ACTION NO: ______________** |
| **Plaintiff,** | : | |
| | : | **Judge ___________** |
| **v.** | : | |
| | : | |
| **DIVIDEND FINANCE, INC. d/b/a "DIVIDEND", and AFFORDABLE SOLAR ROOF & AIR, LLC** | : | **(Removed from the Circuit Court of the Fifteenth Judicial Circuit of Palm Beach County, Florida)** |
| **Defendants.** | | |

# NOTICE OF REMOVAL

Defendant Dividend, a division of Fifth Third Bank, National Association ("Dividend")[1], incorrectly named in Plaintiff's Second Amended Complaint as "Dividend Finance, Inc.", through counsel and pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, and 1446, hereby provides notice of the removal to this Court of the case entitled *Myrenne Jean-Baptiste v. Dividend Finance, LLC d/b/a "Dividend"*, Case No. 24-CA-008448, and currently pending in the 15th Judicial District Court of Palm Beach County, Florida (the "State Court Action"). As grounds for removal Dividend states as follows:

## BACKGROUND

1. On September 5, 2024, Plaintiff filed her original Complaint in the State Court Action, asserting claims against Dividend for: (1) Breach of Contract (Compl. ¶¶ 69-73); (2)

[1] Fifth Third Bank, National Association acquired Dividend Solar Finance LLC by merger dated August 1, 2023. Dividend is now a division of Fifth Third Bank, National Association. Plaintiff incorrectly named "Dividend Finance Inc." as a defendant in this matter. "Dividend, a division of Fifth Third Bank, National Association," is the proper party defendant and holder of the subject loan and loans in the State of Florida.

Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 (Compl. ¶¶74-88); and, (3) Breach of Duty of Good Faith and Fair Dealing (Compl. ¶¶89-92); and (4) Negligence / Gross Negligence – Construction Defects (Compl. ¶¶93-97).

2. On September 9, 2024 Plaintiff filed her Amended Complaint in the State Court Action, alleging claims against Dividend for: (1) Breach of Contract (Am. Compl. ¶¶69-73); (2) Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 (Am. Compl. ¶¶74-88); (3) Breach of Duty of Good Faith and Fair Dealing (Am. Compl. ¶¶89-92); and (4) Negligence / Gross Negligence – Construction Defects (Am. Compl. ¶¶93-97).

3. On February 11, 2025, the state court granted Dividend's Motion to Dismiss Plaintiff's Amended Complaint and ordered Plaintiff to file a Second Amended Complaint within thirty (30) days of entry of the Court's Order. (Order Grant. Dividend's Mot. to Dis.).

4. On March 12, 2025, Plaintiff filed her Second Amended Complaint, alleging new claims against Dividend and also adding and naming as a defendant the installer of her solar energy system, Affordable Solar Roof & Air LLC ("ASRA").

5. The 15th Judicial Circuit Court of Palm Beach County, Florida is located within the West Palm Beach Division of the Southern District of Florida.

6. The Second Amended Complaint filed by Plaintiff in the State Court Action alleges various causes of action against Dividend and ASRA related to the financing and installation of solar panels on Plaintiff's dwelling by ASRA. Specifically, Plaintiff's Second Amended Complaint alleges: (1) Breach of Contract as to Dividend (Sec. Am. Compl. ¶¶78-82); (2) Breach of Contract as to Dividend (Sec. Am. Compl. ¶83); (3) Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 as to ASRA (Sec. Am. Compl. ¶¶84-98); (4) Violation of the Florida Deceptive and Unfair Practices Act, Fla. Stat. 501.201 as to Dividend

(Sec. Am. Compl. unnumbered at p. 26-27); (5) Breach of the Duty of Good Faith and Fair Dealing as to ASRA (Sec. Am. Compl. ¶¶99-102); (6) Breach of the Duty of Good Faith and Fair Dealing as to Dividend (Sec. Am. Compl. ¶103); (7) Negligence / Gross Negligence – Construction Defects as to ASRA (Sec. Am. Compl. ¶¶104-108); (8) Negligence / Gross Negligence – Construction Defects as to Dividend (Sec. Am. Compl. ¶109). (9) Unjust Enrichment as to Dividend (Sec. Am. Compl. ¶¶110-116); (10) Rescission as to ASRA and Dividend (Sec. Am. Compl. ¶¶117-124); and, (11) Injunctive Relief as to Dividend (Sec. Am. Compl. ¶¶125-137).

7. Dividend was served with the Second Amended Complaint on March 12, 2025 through the Florida electronic court filing system.

8. Plaintiff's Second Amended Complaint includes new and additional claims not previously asserted in this matter, including a claim for declaratory and injunctive relief to enjoin Dividend from conducting any business in the State of Florida.

9. The new claims presented in the Second Amended Complaint seek, among other things, a court ruling enjoining Dividend from engaging in business operations throughout the State of Florida. To be clear, Plaintiff's Second Amended Complaint seeks an injunction that would prevent Dividend from collecting or enforcing any of its loans in the State of Florida.

10. As such, and although it is an individual action filed by the Plaintiff, the Court should address the Second Amended Complaint as a putative or quasi-class-action for purposes of this Notice of Removal. Specifically, Plaintiff seeks relief to enjoin Dividend from engaging in business activity not only with Plaintiff, but also with every potential or actual customer throughout the State of Florida.

11. As more fully set forth below, these new claims also present legal issues to challenge Dividend's ability to legally operate within its charter under the National Bank Act and

necessarily requires an adjudication as to Dividend's rights and obligations under the National Bank Act.

12. Pursuant to 28 U.S.C. § 1446(b)(3), except as in cases of diversity, "if the case stated in the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

13. Accordingly, this Notice of Removal is timely because it has been field within thirty (30) days of Dividend's receipt of the Second Amended Complaint, as required by 28 U.S.C. § 1446(b)(3).

14. Dividend has conferred with ASRA and obtained consent from ASRA for the removal of the State Court Action.[2]

15. All served parties have thus consented to removal of the State Court Action pursuant to 28 U.S.C. § 1446(b)(2)(C).

16. Venue for removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the State Court Action was pending.

17. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings filed in the record in the 15th Judicial Circuit Court of Palm Beach County, Florida are attached as follows: **Exhibit 1** (Plaintiff's Original Complaint); **Exhibit 2** (Plaintiff's Amended Complaint); **Exhibit 3** (Order Dismissing Plaintiff's Amended Complaint); **Exhibit** 4 (Plaintiff's Second Amended Complaint); **Exhibit 5** (State Court Docket Sheet); **Exhibit 6** (all remaining State Court documents).

---

[2] A written consent from ASRA's counsel is attached hereto as **Exhibit 8**.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, as well as a Notice of Filing for this Notice of Removal, is being filed in the 15th Judicial District Court of Palm Beach County, Florida, and a copy of the same is being served upon all parties of record.

**The Court has Jurisdiction Under CAFA**

19. The Court has CAFA jurisdiction pursuant to 28 U.S.C. § 1332(d).

20. CAFA "provides that the district courts 'shall have original jurisdiction' over class actions that have at least 100 members, an amount-in-controversy exceeding $5 million, and minimal diversity between the parties (that is, any member of the proposed class must be a citizen of a state different from any defendant)." *Fox v. Ritz-Carlton Hotel Co.*, 977 F.3d 1039, 1045 (11th Cir. 2020) (quoting 28 U.S.C. § 1332(d)).

21. "[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Here, all three conditions of CAFA are met.

22. First, there are at least 100 aggregate members between "all proposed plaintiff classes." 28 U.S.C. § 1332(d)(5)(B). Shroat Dec. ¶13.[3]

23. Plaintiff's Second Amended Complaint seeks relief in the form of injunctive relief against Dividend through which, if accepted by the Court, would result in a complete cessation of Dividend's business operations in the State of Florida. *See* Sec. Am. Compl., at ¶¶125-137.

24. Plaintiff's injunctive relief claims would not only prevent Dividend from taking action to collect and enforce the loan in this individual case, but would have the far more reaching impact of preventing Dividend from soliciting new customers, collecting on existing loans, and

[3] The Declaration of Chris Shroat (hereinafter "Shroat Dec.") is attached hereto as **Exhibit 7**.

blocking Dividend's ability to enforce its contractual rights and obligations existing in loan agreements throughout the State of Florida.

25. Plaintiff's Second Amended Complaint results in a putative class consisting of all of Dividend borrowers in the entire State of Florida.

26. Well in excess of 100 Florida residents are thus contained in the putative class identified by Plaintiff thereby satisfying the requirement of 28 U.S.C. § 1332(d)(5)(B).

27. Second, the class satisfies CAFA's minimal diversity requirement because at least one plaintiff and the "primary defendant" are not citizens of the same state. *See* 28 U.S.C. § 1332(d)(2)(A); *Fox*, 977 F.3d at 1045.

28. Plaintiff is a citizen of, and domiciled in, the State of Florida. Sec. Am. Compl. at ¶2.

29. Dividend is a citizen of, and domiciled in, the State of Ohio. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

30. Third, the amount in controversy exceeds CAFA's $5 million threshold. *See* 28 U.S.C. § 1332(d)(2).

31. "[A] defendant's notice of removal need only contain a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89.

32. Plaintiff's Second Amended Complaint asserts claims of injunctive relief which would block collection and enforcement of all existing Dividend loan agreements throughout the State of Florida.

33. During the relevant period, Fifth Third financed well over $5 million for the purchase of the solar systems in the State of Florida. Shroat Dec. ¶14. Therefore, Plaintiff's claim for injunctive relief alone satisfies CAFA's jurisdictional amount.

34. Because Plaintiff's putative class claims are directed entirely to Dividend and the relief requested would fall solely upon Dividend – namely, an order preventing Dividend from operating in Florida – Dividend is the "primary defendant" in this litigation.

35. "[I]n deciding whether a defendant is a 'primary defendant,' a court must ask 'whether, given the claims asserted against the defendant, [the defendant] has potential exposure to a significant portion of the class and would sustain a substantial loss as compared to other defendants if found liable." *Hunter v. City of Montogomery, Alabama*, 859 F.3d 1322 (11th Cir. 2017).

36. The claims for injunctive relief in Plaintiff's Second Amended Complaint seek relief solely as to Dividend and do not include any claims against ASRA. *See* Sec. Am. Compl., at ¶¶125-137.

37. Consequently, Dividend is the "primary defendant" for purposes of CAFA, satisfying its final prong.

38. Because the "primary defendant" – Dividend – is a citizen of the State of Ohio, removal based on CAFA jurisdiction is proper pursuant to 28 U.S.C. § 1332(d(4)(B).

**FEDERAL QUESTION JURISDICTION**

39. The new claims for relief sought by Plaintiff in her Second Amended Complaint, although styled as Florida state law claims, also necessarily raise substantial questions of federal law and otherwise seek application of Florida state law in a manner inconsistent with the National Bank Act, 28 U.S.C. § 38, et al.

40. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

41. "Whether a claim 'arises under' federal law is 'governed by the 'well-pleaded complaint rule, 'which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

42. "However, even when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if either (1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims." *Id.*

43. Plaintiff's Second Amended Complaint raises a new claim for Injunctive Relief as to Dividend seeking a Court order enjoining Dividend, a division of Fifth Third Bank, National Association, from engaging in business operations throughout the State of Florida. *See* Sec. Am. Compl. ¶132 ("Plaintiff seeks relief in the form of an injunction, to prevent ongoing and future harm caused by Dividend's continued ethical, immoral, and potentially unlawful collection of payments for breached, and often illegal statewide contracts.").

44. Plaintiff's requested injunction would prohibit Dividend, a division of Fifth Third Bank, from carrying out its lawful business operations in the State of Florida and prevent it from freely operating as a division of a national bank association that is inconsistent with its charter under the National Bank Act. Indeed, it would prevent Dividend from conducting business, collecting on existing loans, and enforcement of contractual loan duties and obligations in the State of Florida.

45. While it is an individual action, the Court should treat and address the Second Amended Complaint as a class-action lawsuit spanning the State of Florida, as it seeks unified

relief from a court to prevent Dividend from continuing business operations, not only connection with Plaintiff, but the entire Florida public at-large.

46. To be clear, Plaintiff's Second Amended Complaint challenges the ability of Dividend, a division of Fifth Third Bank, National Association, to operate, pursuant to its charter under the National Bank Act. 28 U.S.C. § 38, et al.

47. Consequently, the new claims in Plaintiff's Second Amended Complaint raise substantial issues of federal law, namely, the National Bank Act.

48. Most importantly, "[t]he National Bank Act preempts state laws that prevent or significantly interfere with the exercise by national banks of their powers." *Bate v. Wells Fargo Bank, N.A. (In re Bate)*, 454 B.R. 869, 872 (Bankr. M.D. Fla. 2011).

49. Stated differently, the National Bank Act "preempts a state consumer financial law if such a law 'prevents or significantly interferes with the exercise by the national bank of its powers.'" *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315 (S.D. Fla. 2012).

50. The exercise of federal question jurisdiction over the claims presented in Plaintiff's Second Amended Complaint is proper because the relief sought therein would prevent Dividend, as a division of Fifth Third Bank, National Association, from carrying out its charter and business operations throughout the State of Florida.

51. While Plaintiff frames her claims as various state law consumer protection claims, the requested enforcement of these state laws necessary impacts Dividend's ability to freely operate as a Division of Fifth Third Bank, National Association, under federal law and confers federal question jurisdiction.

52. A determination of the rights and obligation under Plaintiff's state law claims requires a determination of Dividend's rights and obligations under the National Bank Act.

53. This analysis raises substantial questions of a federal law – the National Bank Act – and requires this Court to evaluate the impact of federal law in light of its field preemption of inconsistent state laws.

54. As such, 28 U.S.C. §1331 authorizes this Court to exercise federal question jurisdiction over Plaintiff's claims regardless of how they are pled. Plaintiff's Second Amended Complaint raises substantial issues of federal law and, to the extent Plaintiff relies on state law grounds to upend Dividend's ability to exercise its lending powers under the National Bank Act, these claims are preempted by federal law, thus conferring jurisdiction on this Court.

55. Consequently, removal of this action to this Court based on federal question jurisdiction is both timely and proper under 28 U.S.C. §§ 1331 and 1446(b)(3).

**VENUE AND PROCEDURAL REQUIREMENTS**

56. The United States District Court for the Southern District of Florida is the District Court for the district encompassing the 15th Judicial Circuit Court of Palm Beach County, Florida, where the State Court Action is pending. *See* 28 U.S.C. § 115(a)(1). Venue is thus proper in this district under 28 U.S.C. § 1446(a).

57. In accordance with 28 U.S.C. § 1446(d), Dividend will promptly serve a copy of this Notice of Removal on Plaintiff and will file a copy of the Notice of Removal with the Clerk of Courts in the 15th Judicial Circuit Court of Palm Beach County, Florida.

58. Dividend expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

59. By this Notice of Removal and the associated exhibits, Dividend does not waive any defenses or objections it may have to this action. Dividend reserves the right to raise all defenses and objections to Plaintiffs' claims after the Lawsuit is removed to this Court.

**CONCLUSION**

WHEREFORE, this action is properly removed from the 15th Judicial Circuit Court of Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, pursuant to applicable sections of the United States Code. Please take notice that no further proceedings may be had in the 15th Judicial Circuit Court of Palm Beach County, Florida

DATED: April 11, 2025

Respectfully submitted,
***/s/Brandon T. Holmes, Esq.***
Brandon T. Holmes, Esq.
Florida Bar No. 1007975
**DINSMORE & SHOHL LLP**
201 North Franklin Street, Suite 3050
Tampa, FL 33602
Phone: (813) 543-9848
Primary: brandon.holmes@dinsmore.com
Secondary: frances.gonzalez@dinsmore.com
Secondary: alexandria.bishop@dinsmore.com
*Counsel for Dividend, a Division of Fifth Third Bank, National Association*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 11, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Joshua S. Horton
The Joshua S. Horton Law Firm, PA
107 Pond Apple Lane #102
Jupiter FL, 33458
Telephone: 561-764-4041
Facsimile: 561-584-5212
Email: josh@joshuahortonlaw.com

Alexis D. Moore
Klarika J. Caplano
Coats Schmidt, P.A.
4055 Central Avenue
St. Petersburg, FL 33713
727-456-4462
Klarika@Coats-Schmidt.com
Alexis@Coats-Schmidt.com

***/s/ Brandon T. Holmes, Esq.***
Brandon T. Holmes, Esq.
Florida Bar No. 1007975