**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MYRENNE JEAN-BAPTISTE<br><br>*Plaintiff*,<br><br>v.<br><br>DIVIDEND SOLAR FINANCE LLC, a SUBSIDIARY of FIFTH THIRD BANK, NATIONAL ASSOCIATION and AFFORDABLE SOLAR ROOF & AIR LLC,<br><br>*Defendants*. | Case No. 9:25-cv-80461-RLR<br><br>Judge Robin L. Rosenberg and<br><br>Magistrate Judge Bruce E. Reinhart. |

**PLAINTIFF'S MOTION FOR REMAND AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, MYRENNE JEAN-BAPTISTE, by and through her undersigned attorney and pursuant to 28 U.S.C. § 1447(c), hereby files this Motion for Remand and Supporting Memorandum of Law, respectfully moving that this Court enter an Order remanding this action to state court, and in support thereof states the following:

## INTRODUCTION

This case must be remanded because the removal was untimely and jurisdictionally improper. Defendant was served with the original Complaint on or about **September 9, 2024**, yet it waited until **April 11, 2025,** to file the Notice of Removal—well past the 30-day deadline set forth in **28 U.S.C. § 1446(b)(1)**. Although Defendant now attempts to invoke **§ 1446(b)(3)**, that provision applies only when the initial pleading is not removable, which Defendant contradicts by claiming the case was removable from the First Amended Complaint. The First Amended Complaint—served in September 2024—provided Defendant with all the facts it now cites to support federal jurisdiction. The Second Amended Complaint, filed in March 2025, did not

introduce a new claim on jurisdictional grounds; rather, it added a non-diverse Florida party, Affordable Solar Roof & Air, LLC, and a state claim for injunctive relief based on the illegal collections and credit damage it has continued to inflict upon Plaintiff. Far from enhancing removability, this joinder defeated complete diversity. Thus, not only did the Second Amended Complaint fail to trigger a new removal window, it actively undermined federal jurisdiction.

Additionally, removal is improper because federal jurisdiction does not exist. Plaintiff brings only state-law claims in an individual capacity and seeks injunctive relief for conduct occurring exclusively in Florida and since this case's inception, without asserting any federal causes of action or class allegations. Defendant's attempt to invoke CAFA jurisdiction fails, as the Complaint is not a class or mass action, nor can Defendant establish jurisdiction through preemption or federal banking law defenses, which do not confer jurisdiction under long-settled principles, including *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983). As reaffirmed in *Gunn v. Minton*, 568 U.S. 251 (2013), federal jurisdiction over state claims requires more than speculative defenses—it demands a necessarily raised and substantial federal issue, which is wholly absent here.

There is a general presumption against the exercise of federal jurisdiction, which supports the principle of resolving doubts in favor of remand. In *Clegg v. Bristol-Myers Squibb Co.*, the court noted that "there is a presumption against the exercise of federal jurisdiction such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand" (*Clegg v. Bristol-Myers Squibb Co.*, 285 B.R. 23 (M.S. Fla. 2002). This presumption is also highlighted in *Maxwell v. E-Z-Go*, *a Division of Textron, Inc.*, where the court stated that "the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear" (*Maxwell v. E-Z-Go, a Division of Textron, Inc.*, 843 F.Supp.2d 1209 (M.D. Ala 2012). The Eleventh Circuit and Florida case law

strongly support the principle that removal statutes are to be strictly construed, and all doubts resolved in favor of remand.

**BACKGROUND**

1. On September 5, 2024, Plaintiff filed her original Complaint in the 15th Judicial Circuit in and for Palm Beach County, Florida, against Dividend, a Division of Fifth Third Bank ("Dividend").
2. The original Complaint alleged state claims for Breach of Contract, Violation of Florida Deceptive and Unfair Trade Practices, Act, Fla. Stat. 501.201, Breach of Duty of Good Faith and Fair Dealing, and Negligence / Gross-Negligence – Construction Defects, all claims based on Florida Statutes.
3. On September 9, 2024, Plaintiff filed her Amended Complaint, alleging the same causes of action as the complaint filed on September 5, 2024.
4. On March 10, Dividend Finance Inc., the only active Dividend finance entity registered to do business in Florida, (the reason it was named as such in the complaints) withdrew its authority to transact business or conduct affairs in Florida, (*see* Exhibit 1).
5. On March 12, 2025, after motion practice and an order from the court to file a Second Amended Complaint within 30 days, Plaintiff included the same causes of action against the primary Defendant, Dividend, and included new claims against a Florida licensed business, Affordable Solar Roof & Air, LLC.
6. Then, On March 17, 2025, It filed a new foreign LLC, Dividend Finance LLC, the entity which we now need to substitute for Dividend Finance Inc.
7. To further add to the confusion, and corporate 3 card monte, it states in its notice of removal this Court in a footnote of the notice of removal the following: (*See* below,

taken from [DE] 1, Exhibit A, Page 1, Footnote 1) which still does not match what was communicated to Plaintiff's counsel in multiple emails, or its own pleadings).

[1] Fifth Third Bank, National Association acquired Dividend Solar Finance LLC by merger dated August 1, 2023. Dividend is now a division of Fifth Third Bank, National Association. Plaintiff incorrectly named "Dividend Finance Inc." as a defendant in this matter. "Dividend, a division of Fifth Third Bank, National Association," is the proper party defendant and holder of the subject loan and loans in the State of Florida.

8. The Second-Amended complaint included new causes of action against the Florida-based company and reiterated similar causes of action against Dividend, including a state claim for injunctive relief seeking relief from unlawful debt collection and credit damage to Ms. Baptiste and other similarly situated clients in Florida.

9. Defendant, Dividend improperly removed this case from state court on April 11, 2025, under two flawed theories: (1) The Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d) and Federal Question jurisdiction, 28 U.S.C. § 1331.

10. Both theories stated above are not a proper basis for removal as primary Defendant, Dividend, was aware of the removable nature of the litigation at the time of service of the original Complaint (on or about September 9, 2024).

11. Additionally, CAFA does not apply as this is not a class action, and the grounds for Federal Question jurisdiction does not rise as the claims are solely based under Florida State law and do not implicate the National Bank Act.

12. Finally, as stated in Dividend's Notice of Removal, the Dividend, a division of Fifth Third Bank, is the holder of the subject loan and loans in the State of Florida.

13. Dividend's notice of removal is a blatant and transparent attempt to forum-shop and as more fully set forth below this court should promptly remand the case to the state court.

14. Plaintiff seeks that this Court enter an Order remanding the instant case to state court since this court lacks subject matter jurisdiction over the same.

15. Plaintiff further seeks that this Court order payment of just costs and actual expenses, including attorney fees, incurred as a result of obtaining such an order, pursuant to 28 § U.S.C. 1447(c).

**LEGAL STANDARD**

A defendant may remove a state court civil action to federal court when “the district courts of the United States have original jurisdiction.” 28 U.S.C. § 1441(a). However, “[i]n a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction.” *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)). When the defendant fails to establish the district court’s original jurisdiction, the case should be remanded to state court. 28 U.S.C. § 1447(c). Removal statutes are strictly construed. *Syngenta Crop Prot. Inc. v. Henson*, 537 U.S. 28, 32 (2002). Courts should remand all cases where subject matter jurisdiction is in doubt. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999).

The Eleventh Circuit has consistently held that removal statutes must be strictly construed. In *Griffith v. Wal-Mart Stores East, L.P.*, the court emphasized that "removal statutes are to be strictly construed, with all doubts resolved in favor of remand" (*Griffith v. Wal-Mart Stores E., L.P.*, 884 F. Supp. 2d 1218 (N.D. Ala. 2012)). This principle is reiterated in *Lewis v. Nextel Communications, Inc.*, where the court stated that removal statutes should be "strictly construed, with doubts resolved against removal" (*Lewis v. Nextel Commc'ns, Inc.*, 281 F. Supp. 2d 1302 (N.D. Ala. 2003)). Similarly, in *Allen v. Christenberry*, the Eleventh Circuit noted that "removal statutes should be construed narrowly, with doubts resolved against removal", *Allen v. Christenberry*, 327 F.3d 1290 (11th Cir. 2003). The courts have also made it clear that any doubts regarding federal jurisdiction should be resolved in favor of remand. In *Dunlap v. Cockrellopens*

a new window, the court highlighted that "all doubts about jurisdiction should be resolved in favor of remand to state court." *Dunlap v. Cockrell*, 336 F. Supp. 3d 1364 (S.D. Ala. 2018).

**UNTIMELINESS**

**I. REMOVAL IS TIME-BARRED UNDER 28 U.S.C. § 1446(b)(1)**

Dividend was served with the original Complaint on or September 9, 2024. The Notice of Removal was filed on April 11, 2025 — well beyond the 30-day statutory deadline. Under 28 U.S.C. § 1446(b)(1), the time to remove begins when the defendant receives, through service, a copy of the initial pleading. As established in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999), the 30-day clock is triggered upon formal service. The original complaint stated claims entirely under state law and sought relief that Defendant now characterizes as giving rise to federal jurisdiction — a characterization Plaintiff strongly disputes.

**II. RELIANCE ON 28 U.S.C. § 1446(b)(3) IS MISPLACED**

Defendant relies on 28 U.S.C. § 1446(b)(3), which permits removal if an amended pleading, motion, or other paper first makes the case removable. However, that provision applies only where the initial pleading was not removable. Here, the initial complaint was, according to Defendant, already removable based on the same theory now advanced and diversity. Thus, the 30-day clock began upon service of the original Complaint. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007) (removal clock starts when the case becomes removable, not when the defendant decides to act).

Pursuant to 28 U.S.C. § 1446(b)(1), the removing defendant must file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the

initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable," then the removing defendant may file its notice of removal within 30 days of its receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3). Plaintiff submits that the Notice of Removal was untimely because it was filed after service of the First Amended Complaint and almost 200 days after Defendant was first put on notice of the information it relies on to support its allegations that the amount in controversy has been satisfied.

Plaintiff argues that when Dividend received the September 2024 Amended Complaint, it had the same knowledge of Plaintiff's causes of action upon which it now relies for removal. Thus, Plaintiff contends that, at the latest, the 30-day period began to run when the suit was served, and since more than 30 days have passed, removal was improper under 28 U.S.C. § 1446(b)(3).

Under 28 U.S.C. § 1446(b)(3), when a "case stated by the initial pleading is not removable," the removing defendant may then file its notice of removal within 30 days of its receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). "Although the Eleventh Circuit has not yet decided the issue, '[e]very court of appeals that has addressed whether a court may consider a defendant's pre-litigation knowledge . . . to decide triggering of the 30-day removal period has held no.'" *Tesorero v. Indep. Specialty Ins. Co.*, No. 6:23-CV-1194- PGB-LHP, 2023 WL 5217177, at *2 (M.D. Fla. Aug. 15, 2023) (quoting *Sullivan v. Nat'l Gen. Ins. Online, Inc.*, No. 3:17-cv-1387-TJC-PBD, 2018 WL 3650115, at *6 (M.D. Fla. Apr. 17, 2018) (collecting cases)). In *Tesorero*, the court observed that district courts throughout the Eleventh Circuit have shared the same sentiment. *Tesorero*, 2023 WL

5217177, at *2 (citing *Farrey's Wholesale Hardware Co. v. Zurich Am. Ins. Co*., No. 16-23956-CIV, 2016 WL 7437939, at *1 (S.D. Fla. Dec. 27, 2016); *MIR Convenience Store, Inc. v. Century Sur. Co.,* No. 14-60425-CIV, 2014 WL 2118878, at *2 (S.D. Fla. May 21, 2014) (quoting *Chapman v. Powermatic, Inc*., 969 F.2d 160, 164 (5th Cir. 1992)) (noting that the Fifth Circuit explained "[b]y its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading"); *Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins.* Co., No. 6:09- cv-1711-GAP-DAB, 2009 WL 4855700, at *1 (M.D. Fla. Dec. 10, 2009); *Thompson v. Columbia Sussex Corp*., No. 2:16-cv-435-JES-CM, 2016 WL 6134868, at *1–2 (M.D. Fla. Oct. 21, 2016) ("What [d]efendant knew or should have known prior to receiving the Complaint is irrelevant in determining whether removal was timely ....")).

Applying the same analysis here, the Amended Complaint, was the first "other paper" received by Dividend, after being served with the Complaint, that would have "ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3), for purposes of removal to federal court.

**III. FEDERAL JURISDICTION REMOVABILITY, "FIRST BE ASCERTAINED"**

A defendant that was placed on notice of the case's removability at the time of initial service or other paper may not evade the thirty-day time limit under 28 U.S.C. § 1446(b) by relying on a later amendment as a fresh trigger for removal. Where the original or first amended complaint already reveals federal jurisdiction—either by alleging complete diversity or federal question—the defendant is obligated to act within the statutory window. The addition of a new state-based defendant, Affordable Solar Roof & Air, LLC, in a subsequent Second Amended Complaint, rather than expanding the grounds for removal, undermines it by further destroying complete diversity.

Thus, a party cannot manufacture a new removal opportunity by pointing to a later amendment that not only fails to improve but actively defeats federal jurisdiction.

Just as the court in *Chapin v. Whitecap Investment Corp.,* 2014 WL 656971 (D.V.I. Feb. 20, 2014)*,* concluded that removal based on an ungranted motion to amend was premature and invalid, so too must a belated removal be denied when the operative facts establishing removability were known from the outset. Allowing otherwise would subvert the clear mandate that removal statutes are to be strictly construed and all doubts resolved in favor of remand.

In *Chapin*, the District Court emphasized that "a proposed amended complaint does not become operative for removal purposes until the Superior Court grants leave to amend," it logically follows that a defendant who is on actual notice of removability from the initial pleading cannot delay removal in anticipation of a more favorable pleading. Under 28 U.S.C. § 1446(b)(3), a notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." This language, particularly the phrase "first be ascertained," imposes an affirmative duty on the removing party to act promptly when the removable nature of a case is known. In contrast to *Chapin*, where removal was premature based on a proposed (but unapproved) amended complaint, the situation here involves a defendant who failed to remove within 30 days of being served with a complaint that already established diversity jurisdiction. As in *Chapin*, the Court reiterated that "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *See*

*In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006). Thus, where the original complaint alleged facts sufficient to meet the requirements for federal diversity jurisdiction—namely, complete diversity between the parties and an amount in controversy exceeding $75,000—defendants cannot evade the thirty-day deadline by waiting for a later, amended complaint to assert the same or similar jurisdictional grounds.

If the original filing places defendants "on notice" of the case's removability, then the time for removal begins at that point. Furthermore, if an amended pleading, such as the addition of a non-diverse party, (Affordable Solar Roof & Air, LLC) worsens the jurisdictional posture—as it does here with the joinder of an in-state solar contractor—such amendment does not create a new removal opportunity but rather undermines the ability to remove entirely.

As the Chapin court explained, "[t]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Because removal must be assessed "by looking at the complaint as it stood on the date the defendant removed the case" (*In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980)), a defendant cannot ignore clear jurisdictional grounds at the time of service, delay action, and then rely on a subsequent amendment that not only fails to enhance removability but in fact destroys it.

In essence, Dividend did not remove the case until April 11, 2025—well beyond the 30-day window prescribed by 28 U.S.C. § 1446(b)(1). The Second Amended Complaint (filed March 12, 2025) did not introduce new jurisdictional grounds—it merely expanded and clarified existing claims. See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999); "The 30-day removal period begins only upon formal service of process."

Also, as stated in *Lowery v. Ala. Power Co*., 483 F.3d 1184, 1212 (11th Cir. 2007), "If the initial pleading is removable, the defendant must remove within 30 days of receipt." Dividend's reliance on § 1446(b)(3) is misplaced. Dividend argues that the Second Amended Complaint triggered a new 30-day window under § 1446(b)(3). However, § 1446(b)(3) applies *only if the case was not initially removable.* Here, the original Complaint already contained the same core allegations (breach of contract, FDUTPA violations, and injunctive relief).

**SUBJECT MATTER JURISDICTION**

Federal courts have limited subject matter jurisdiction. *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993). Subject matter jurisdiction cannot be created by waiver, inaction, or stipulation. Winn & Lovett Grocery Co. v. Luke, 156 Fla. 638, 641 (1945); Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); The Republic, 62 U.S. 386, 388 (1858). The Supreme Court "wisely adopted a presumption that every federal court is 'without jurisdiction' unless the 'contrary affirmatively appears from the record.'" Delaware v. Van Arsdall, 475 U.S. 673, 692 (1986). Federal courts owe a duty to ensure subject matter jurisdiction exists over a lawsuit. E.g., Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985). This Court lacks subject matter jurisdiction over this lawsuit because of the parties involved and the claims made.

**CAFA LIMITATIONS**

Dividend incorrectly invokes CAFA jurisdiction. The complaint contains no class allegations and is brought by a single plaintiff. Under CAFA, federal jurisdiction only lies over a case filed as a class action under Rule 23 or a mass action involving 100 or more persons. Here, Plaintiff has not filed a class action and seeks injunctive relief solely in an individual capacity. Dividend attempts to recast the request for injunctive relief as implicating CAFA, which is legally

incorrect. The Eleventh Circuit held in *Scimone v. Carnival Corp.*, 720 F.3d 876 (11th Cir. 2013), that a defendant cannot manufacture CAFA jurisdiction by treating an individual case as a mass action. Also, in *Hood v. AU Optronics Corp*., 571 U.S. 161 (2014): The presence of multiple potential beneficiaries does not transform a single-plaintiff case into a mass action.

Dividend's invocation of the Class Action Fairness Act ("CAFA") as a basis for federal jurisdiction is fundamentally flawed and must be rejected, as this action falls squarely within CAFA's enumerated exceptions that preserve the jurisdictional integrity of state courts over inherently local disputes. As recognized in *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009), "Congress did not intend for CAFA to alter the traditional jurisdictional framework where the controversy is essentially local in nature." The Act expressly carves out the "local controversy" and "home-state" exceptions under 28 U.S.C. § 1332(d)(4), both of which independently warrant remand here.

**REBUTTAL TO PREEMPTION UNDER NATIONAL BANK ACT**

Dividend suggests that the National Bank act may preempt Plaintiff's claims, however, the NBA preemption is limited. In *Martinez*, the Ninth Circuit made clear that NBA (National Bank Act) preemption is narrow and does not extend to state-law claims concerning deceptive practices: "The NBA does not preempt state laws that do not significantly interfere with the bank's exercise of its powers." – *Martinez*, 598 F.3d at 555, and crucially: "The fact that federal law authorizes national banks to charge interest does not mean that federal law entirely displaces state law." – *Id.* In this case, Plaintiff's claims are rooted in Florida consumer protection and injunctive relief principles, not federal banking law. The Defendant cannot transform a state-law claim into a federal case by invoking the NBA as a potential defense. Plaintiff's claims arise under state consumer protection principles and are not preempted. Even if the loan originated under a federally

regulated entity, the claims do not arise under federal law and do not require interpretation of any federal statute. Moreover, the business practices will not be affected whatsoever, only the illegally obtained and unlawfully collected consumer lending agreements named in the claim for relief. It should raise suspicion that this spurs a reaction from Defendant alleging interference with what we hope falls outside of these illegally obtained and disputed debts. Dividend is free to conduct all other activities uninterrupted, as long as they are lawful and undisputed. Similarly, in *Jakob v. JP Morgan* "Plaintiff moves to remand, arguing that the removal was an improper snap removal and diversity [*3] jurisdiction does not exist because Plaintiff and many of the defendants are Florida citizens. The Court agrees with Plaintiff and will remand this action because the removal was improper under the forum defendant rule as stated in 28 U.S.C. § 1441(b)(2). *Jakob v. JP Morgan Chase Bank, N.A.,* No. 5:23-cv-664-JSM-PRL, 2023 U.S. Dist. LEXIS 237648, at *2-3 (M.D. Fla. Dec. 21, 2023).

**NO FEDERAL QUESTION JURISDICTION EXISTS**

This action asserts exclusively state-law claims. There is no federal cause of action, and no substantial federal issue that would justify federal question jurisdiction. The Supreme Court in *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983), clearly held:

"A case may not be removed to federal court on the basis of a federal defense... even if the defense is anticipated in the plaintiff's complaint."

And further:

"The presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id*. at 13.

Here, Defendant improperly speculates about possible federal defenses or banking regulations that might arise. Such conjecture does not establish federal jurisdiction.

That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton,* 568 U.S. 251, 258 (2013). No federal statutes are cited in any claim for relief. Each cause of action is grounded exclusively in Florida state law, and applies only to Florida consumers.

**THE REMOVAL WAS DEFECTIVE BECAUSE THE REMOVING PARTY LACKED STANDING**

By its own assertions, the removal in this case is procedurally and substantively defective because it was filed by a party that is not properly identified in the operative complaint and may not even be a named defendant at all. Specifically, the Notice of Removal was filed by Dividend Finance, LLC, yet the operative complaint names Dividend Finance, Inc. as the defendant. This discrepancy creates a critical jurisdiction issue that warrants immediate remand.

Federal courts are courts of limited jurisdiction, and the party invoking removal jurisdiction bears the burden of establishing that all procedural and substantive requirements for removal are satisfied. See *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003); *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001). Removal statutes are to be strictly construed, and all doubts resolved in favor of remand. *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

Here, Defendant has not demonstrated that *Dividend Finance, LLC* is the same entity as *Dividend Finance, Inc.*, in fact, they complain that the Plaintiff has failed to identify the proper Party in over a year despite corporate restructuring no less than a month ago as mentioned previously. Nor has it claimed that it was the entity properly served or named in the Plaintiff's operative pleading. The original complaint and the first two amended complaints all identify *Dividend Finance, Inc.*, a separate Delaware corporation. In contrast, *Dividend Finance, LLC*, the

removing party, has not established that it is the same legal entity or a proper substitute party. In fact, it would be impossible to do such as it was not created until March 17, 2025. Without this showing, the removing party lacks standing to invoke the jurisdiction of the federal court. “A district court lacks subject-matter jurisdiction if a non-party removes an action. *Housing Authority of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973). "A non-party, even [*4] one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (per curiam). *Rivero v. Lung Inst., LLC,* No. 8:17-cv-3113, (M.D. Fla. July 23, 2018).

Moreover, the Eleventh Circuit has held that removal by an entity not named in the complaint is improper and must result in remand. See *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (non-party removals are “categorically improper”). Courts consistently reject attempts by misidentified or non-party affiliates to effect removal without formal substitution or amendment.

Unless and until the removing entity can establish, by affidavit or corporate records, that it is the same party sued, or that it has been properly substituted or joined, it lacks standing to maintain removal jurisdiction. Accordingly, the Court must remand the case for this independent reason.

**REQUEST FOR COSTS AND ATTORNEY’S FEES**

Under 28 U.S.C. § 1447, “[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.” 28 U.S.C. § 1447(c). Pursuant to § 1447(c), a court may award fees “only where the removing party lacked an objectively reasonable basis for seeking removal.” *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). District courts retain discretion to make this determination. *Id.* Plaintiff avers and

alleges, that there was no objectively reasonable basis for the Defendant to Petition for Removal of the State Court case on April 11, 2025, other than an incongruent, forced attempt at avoiding the actual enforcement of such a claim based on the necessity of equitable relief prior to any more irreparable damage being done to these consumers.

**CONCLUSION**

Defendant's removal of this case to federal court is improper. The Notice of Removal was untimely under 28 U.S.C. § 1446(b)(1), and no valid basis exists for federal jurisdiction. The addition of a claim for injunctive relief does not place create a Federal Question, as the State courts are free to decide this issue and the relief would only pertain to state citizens. Defendant's attempt to invoke the Class Action Fairness Act ("CAFA") is unfounded, as this is an individual action with a single plaintiff and no class allegations. The Court should remand the matter to state court and award costs and fees under 28 U.S.C. § 1447(c).

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. Grant this Motion to Remand;
2. Remand this action to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;
3. Award Plaintiff costs and attorney's fees under 28 U.S.C. § 1447(c); and
4. Grant such other relief as the Court deems just and proper.

Dated- April 22, 2025

Respectfully Submitted,

*/s/ Joshua S. Horton*
The Joshua S. Horton Law Firm, PA

Attorney for Plaintiff
107 Pond Apple Lane # 102
Jupiter, FL 33458
561-764-4041 - Telephone
561-584-5212 – Facsimile
Email: josh@joshuahortonlaw.com
Florida Bar No: 1009130

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been filed, with the Clerk of Court by using the Federal Courts E-Filing Portal (CM/ECF) which will send a notice of electronic filing to all counsel of record, dated this 22nd day of April, 2025.

Respectfully Submitted,
*/s/ Joshua S. Horton*

The Joshua S. Horton Law Firm, PA
Attorney for Plaintiffs
107 Pond Apple Lane #102
Jupiter FL, 33458
561-764-4041 - Telephone
561-584-5212 – Facsimile
Email:josh@joshuahortonlaw.com Florida Bar No: 1009130